**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SHELLY ANN TORNSTROM,

    Plaintiff,

vs.                                  Case No. 3:20-cv-1211-MMH-JBT

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Magistrate Judge Joel B. Toomey's Supplemental Report and Recommendation (Dkt. No. 36; Supplemental Report), entered on April 6, 2022. In the Supplemental Report, Judge Toomey recommends that the Commissioner's decision be reversed, and Plaintiff's claim be remanded to the Commissioner for reconsideration. See Supplemental Report at 1, 10. No objections to the Supplemental Report have been filed, and the time for doing so has passed.

Judge Toomey entered the original Report and Recommendation (Dkt. No. 27; Report) in this matter on December 23, 2021. Plaintiff filed objections on December 30, 2021, see Plaintiff's Objections to the Magistrate's Report and

Recommendation (Dkt. No. 28; Objections), and Defendant filed a response to the Objections on January 25, 2022, see Defendant's Response to Plaintiff's Objections to Magistrate Judge's Report and Recommendation (Dkt. No. 32; Response). Upon review of the Report, Objections, and Response, the Court determined that both parties, in making their arguments to the magistrate judge, relied on regulations regarding the consideration of medical evidence that were inapplicable to the case based upon the date Plaintiff filed her claim for benefits. See Order (Dkt. No. 33) at 5. As a consequence, the Response contained new arguments based on the correct regulations, but neither the Plaintiff nor the magistrate judge had been given an opportunity to address those new arguments. To address the problematic posture of the case, the undersigned recommitted the matter to Judge Toomey for the entry of a supplemental report and recommendation. After allowing Plaintiff to file a supplemental memorandum, Judge Toomey entered the Supplemental Report. In light of the filing of the Supplemental Report, the Court will terminate the original Report, and resolve this action based on a review of the Supplemental Report and the complete record.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

Upon independent review of the Magistrate Judge's Supplemental Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Accordingly, it is hereby

**ORDERED:**

1. The original Report and Recommendation (Dkt. No. 27) is **TERMINATED**.

2. The Supplemental Report and Recommendation (Dkt. No. 36) is **ADOPTED** as the opinion of the Court.

3. The Clerk of the Court is **DIRECTED** to enter judgment, pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's decision and **REMANDING** with instructions to the Commissioner to: (a) reconsider the

opinion evidence and, in particular, explain how the supportability and consistency factors were considered in the analysis thereof; (b) explicitly determine whether Plaintiff's condition medically equals Listing 1.04, including whether she has an inability to ambulate effectively; (c) reconsider Plaintiff's RFC if appropriate; and (d) conduct any further proceedings deemed appropriate.

4. The Clerk of the Court is further **DIRECTED** to close the file.

5. If Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for attorney's fees under 42 U.S.C. § 406(b) and/or 42 U.S.C. § 1383(d)(2) must be filed within sixty days of the date on the agency's letter stating the amount of past due benefits.  See In re: Administrative Orders of the Chief Judge, Case No.: 3:21-mc-1-TJC (M.D. Fla. Dec. 7, 2021).   This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** in Jacksonville, Florida, this 28th day of April, 2022.

*[signature: Marcia Morales Howard]*

**MARCIA MORALES HOWARD**
United States District Judge

ja

Copies to:

Counsel of Record